**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ESAU LAMPKIN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1630-M |
| | ) | |
| DOUGLAS DRETKE, ET AL., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff presently resides in Dallas, Texas. At the time of filing this action, he was incarcerated at the Segovia Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Edinburg, Texas. Defendants are TDCJ-CID Director Douglas Dretke, Executive Director Gary Johnson, Director of Texas Board of Pardons and Parole (Board) Brendolyn Rogers Johnson, TDCJ Classification Official Thomas Warren, and Board Members Wayne Scott, Grerold Garrt, Alvin Show, and Landra Garcia. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: Plaintiff's complaint is not a model of clarity. It seeks to sue TDCJ

employees as well as Board members for refusing to grant his mandatory supervision release pursuant to Texas Government Code § 508.149(b). The complaint requests monetary damages for emotional injuries and for each day he was confined beyond his mandatory supervision release date. (Complaint at 4, and handwritten complaint at 9). He also requests equitable relief ordering the expungement of false information in his parole file (Handwritten complaint at 3a), and declaratory and injunctive relief (Complaint at 4).

Contemporaneously with the filing of this action, Plaintiff filed a habeas corpus action, pursuant to 28 U.S.C. § 2254, raising similar issues with respect to the Board's refusal to consider him for mandatory supervised release. See <u>Lampkin v. Dretke</u>, 3:05cv1629-R (N.D. Tex. filed Aug. 15, 2005). That action was dismissed as moot shortly after Plaintiff's release on parole. <u>Id.</u> (Order and judgment filed on Oct. 12, 2005).

Plaintiff twice sought habeas relief in this Court challenging the Board's denial of his release to mandatory supervision. The first case was dismissed for failure to exhaust, <u>see</u> <u>Lampkin v. Dretke</u>, 3:03cv2633 (N.D. Tex. Dec. 4, 2003), whereas the second case was dismissed on the basis of Plaintiff's voluntary motion to dismiss, <u>see</u> <u>Lampkin v. Dretke</u>, 3:03cv3089-D (N.D. Tex. Aug. 18, 2004). The State's answer, filed in the latter case, clarifies that after being granted release to mandatory supervision on August 18, 2003, the Board reversed its decision after discovering that Plaintiff had a prior first-degree burglary conviction that rendered him ineligible for release to mandatory supervision. (Answer at 2 filed on August 2, 2004, in No. 3:03cv3089-D).

The complaint in this action alleges Defendants employed unconstitutional parole review procedures, which were racially discriminatory and violated Plaintiff's Fourteenth Amendment

2

rights, treated Plaintiff differently than similarly situated inmates by denying him face to face interviews, relied on false information in Plaintiff's parole file, and retroactively applied H.B. 1433 – the discretionary mandatory supervision statute found in Tex. Gov't Code § 508.149(b) – in violation of the Ex Post Facto Clause. (See Handwritten complaint attached to form complaint at 3-8).

Presently pending before the Texas Court of Criminal Appeals (TCCA) is Plaintiff's state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure, which challenges the Board's refusal to consider Plaintiff for release to mandatory supervision. See Ex parte Lampkin, No. 56,733-04 (See Exh. B to Objections to Findings filed in 3:05cv1629-R, for partial copy of TCCA's order remanding to state court).[1]

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous." A complaint is frivolous, if it "lacks an arguable basis either in

---

[1] The TCCA's order of remand confirms that the art. 11.07 application filed in No. 56,733-04 challenges the Board's refusal to consider Plaintiff for mandatory supervision release.

law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff seeks monetary, declaratory and injunctive relief for his unconstitutional imprisonment when the Board and TDCJ refused to consider him for mandatory supervision release. In Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

The Heck Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." Id. at 487. The Heck "favorable termination" requirement applies even after an inmate is released from confinement, as in this case, and thus can no longer challenge his imprisonment by means of a federal habeas petition. See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir.2000) (holding that Heck's "favorable termination" requirement applied to custodial as well as released inmates); see also Queen v. Purser, 109 Fed. Appx. 659, *660 (5th Cir. 2004) (same).[2]

---

[2] In Wilkinson v. Dotson, ___ U.S. ___, 125 S.Ct. 1242 (2005), the Supreme Court repeated its long-held conclusion that prisoners must challenge their claims in habeas if "they seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." 125 S.Ct. at 1247. In doing so it reaffirmed the Heck favorable termination requirement. 125 S.Ct. at 1248. Following Wilkinson, the Fifth

Plaintiff seeks monetary, declaratory and injunctive relief under § 1983 for his unconstitutional imprisonment while he was allegedly entitled to be considered for mandatory supervision release. His own allegations, as well as this court's records, confirm that he has not satisfied the favorable termination requirement set out in Heck. Moreover, it is clear that Plaintiff's art. 11.07 application, challenging the denial of consideration for mandatory supervision, is presently pending before the TCCA. Plaintiff is, therefore, precluded from maintaining a civil cause of action unless and until he receives a ruling declaring his imprisonment, during the time he claims to have been denied consideration for mandatory supervised release, invalid. Heck, 512 U.S. at 488-89; accord Randell, 227 F.3d at 301 ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of Heck, he is barred from any recovery . . . .").

Accordingly, the complaint should be dismissed as frivolous but without prejudice to Plaintiff refiling it at such time as his imprisonment caused by Defendants' alleged refusal to consider him for mandatory supervision has been expunged, reversed or otherwise set aside. See Clarke v. Stadler, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (dismissing Heck barred claim without prejudice); Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) (noting that a § 1983 claim which falls under the rule in Heck is legally frivolous); Williams v. Cleer,123 F. Appx. 591, *593 (5th Cir. 2005) (following Stadler and dismissing Heck barred claims without

---

Circuit held that claims requesting immediate or speedier release to mandatory supervision are properly presented in habeas. See Kennedy v. State of Texas Pardons and Paroles, 136 F. Appx. 712, *713 (5th Cir. 2005) (citing Cook v. Texas Dep't of Crim. Justice Transitional Planning Dep't, 37 F.3d 166, 169 (5th Cir. 1994)).

prejudice to refiling at such time as the conviction or imprisonment has been expunged, reversed or otherwise set aside).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss Plaintiff's complaint as frivolous but without prejudice to Plaintiff refiling the same at such time as the conditions set out in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), are met. See 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 7th day of December, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.